PIZZUTO, J.T.C.
This case concerns an exemption claim for an easement held by the Newark water supply system over property located in Clifton. The Passaic County Board of Taxation entered a judgment affirming an assessment for 1991 in the amount of $200,600, and the City of Newark instituted this action to obtain review in the Tax Court. Newark has moved for summary judgment canceling the assess *19 ment on the ground that its interest is not subject to taxation. For the reasons given below, the motion is granted.
The parties do not dispute the material facts and agree that the exemption issue is appropriately addressed on motion for summary judgment. Newark’s interest is an easement over property whose fee interest is held by others. In accordance with the rights conferred by the easement, a pipeline has been located on the property to transport water from distant sources to customers of the water supply system operated by Newark.
N.J.S.A. 54:4-3.3, the general statute regarding exemption of public property, contains the following provision concerning property of municipal water supply systems:
The lands of counties, municipalities, and other municipal and public agencies of this State used for the purpose and for the protection of a public water supply shall be subject to taxation by the respective taxing districts where situated, at the taxable value thereof, without regard to any buildings or other improvements thereon, in the same manner and to the same extent as the lands of private persons, but all other property so used shall be exempt from taxation.
[N.J.S.A. 54:4-3.3 (emphasis added).]
The question presented is whether the pipeline easement held by Newark is part of “lands” taxable under this statute or whether it is part of “all other property” that the statute exempts from taxation.
In Tewksbury Tp. v. Jersey Central Power & Light, 159 N.J.Super. 44, 386 A.2d 1348 (App.Div.1978) aff'd o.b., 79 N.J. 398, 400 A.2d 60 (1979), a similar question, arising under a different statute, was addressed. Under the statutory scheme for taxation of privately held electric, water and certain other utilities, the “real estate” of these corporations is subject to local property taxation. N.J.S.A 54:30A-52. The term “real estate” is defined in N.J.S.A. 54:30A-50(b), which provides:
“Real estate” means lands and buildings, but it does not include railways, tracks, ties, lines, wires, cables, poles, pipes, conduits, bridges, viaducts, dams and reservoirs (except that the lands upon which dams and reservoirs are situated are real estate), machinery apparatus and equipment, notwithstanding any attachment thereof to lands or buildings.
[N.J.S.A. 54:30A-50(b) (emphasis added).]
*20 The Tewksbury court concluded that easements held by electric companies for power lines are not lands within the meaning of N.J.S.A. 54:30A-50(b). Its reasoning was in part based on its understanding of the purposes of the public utility taxation statute and its characterization of the easements as “necessary adjuncts” to the franchise under which those utilities operate. 159 N.J.Super. at 50, 386 A.2d 1348. The court also noted that the statute reflected an “uncomplicated approach” that avoided the necessity of determining whether interests in land are realty. Id. at 51, 386 A.2d 1348. Similarly, the Appellate Division in N.J. Power and Light Co. v. Denville Tp., 80 N.J.Super. 435, 194 A.2d 16 (App.Div.1963) concluded that N.J.S.A. 54:30A-50(b) subjects to taxation “the land itself and the buildings thereon, as those words are ordinarily understood rather than in their broadest legal connotation.” 80 N.J.Super. at 442, 194 A.2d 16.
The term “lands,” as it occurs in N.J.S.A. 54:4-3.3, should be read with the same uncomplicated approach and ordinary understanding so as to exclude easements held by public entities for transmission of water. Not only is it the same term as occurs in N.J.S.A. 54:30A-50(b), but it is also used in the same context of local property taxation. In addition, exemption of municipal interests of the same kind that are exempt when held by privately operated utilities is consistent with the principle expressed in N.J.S.A. 54:4-3.3 that publicly held water supply lands be taxed in the same manner and to the same extent as those of private persons.
City of Clifton v. North Jersey District Water Supply Commission, 104 N.J.Super, 147, 249 A.2d 14 (App.Div.1969) does not require the contrary result. Part of the property determined to be taxable in that matter was “the lands ... which constitute part of the right-of-way for the large aqueducts of the transmission system.” Id. at 149, 249 A.2d 14. It is not clear, however, whether this right-of-way ran through property owned in fee by the water supply commission or whether it was conferred by easement. The term “easement” does not occur in the decision, *21 and there was no issue raised concerning the exemption of easement interests.
Exemption of the easement interest at issue here is also consistent with Texas Eastern Transmission Corp. v. East Amwell Tp., 13 N.J.Tax 24 (Tax 1992). That decision found the Tewksbury dissent apposite and suggested that an easement-in-gross might in certain circumstances be a taxable interest. Id. at 32. It did not, however, find an easement-in-gross taxable as land in the circumstances presented, but rather concluded that the cost of acquiring an easement was properly included in the depreciable cost of pipeline improvements. Id. at 33. The discussion of assessment of easements in Texas Eastern, moreover, concerns taxation under the general real property taxation statutes when the public utility tax definition of taxable real estate in N.J.S.A. 54:30A-50(b) does not apply. In this case, N.J.S.A 54:4-3.3 takes the subject property out of the general framework and requires the same result as the public utility statute.
Accordingly, Newark’s motion for summary judgment canceling the subject assessment is granted and an appropriate judgment shall be entered.[1]

 This opinion does not address the effect of a utility easement, not itself subject to taxation, on the taxable value of the land through which it runs. Nor does it concern the appropriateness of a separate listing of such an easement, as exempt, under NJ.S.A. 54:4-27. It is concerned exclusively with assessment made against the subject easement, as taxable.